IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

SEPTEMBER 1996 SESSION

**FILED**

**February 12, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | |
|---|---|
| **TOMMY L. KING** | ) |
| | ) C.C.A. No. 01C01-9512-CC-00415 |
| Appellant, | ) |
| | ) Maury County |
| V. | ) |
| | ) Honorable James L. Weatherford, Judge |
| | ) |
| **STATE OF TENNESSEE,** | ) (Post-Conviction: Felony Murder) |
| | ) |
| Appellee. | ) |

## CONCURRING OPINION

While I concur in the results reached by my colleagues, I choose to comment

separately upon the presence of the error first recognized in State v. Middlebrooks,

840 S.W.2d 317 (Tenn. 1992), and the harmlessness of its effect in this case. The

defendant had prior convictions for kidnapping, for which he served a ten-year

period of probation, and for attempted robbery, about which the record contains

almost no information. Each of those convictions qualified as an aggravating

circumstance; only one prior felony involving violence to a person is required for the

application of this factor. Tenn. Code Ann. § 39-13-204(i)(2). A second aggravating

circumstance, that the defendant created a "great risk of death to two (2) or more

persons, other than the victim," was also properly found to apply. Tenn. Code Ann.

§ 40-13-204(i)(3). The third aggravating circumstance found by the jury, that the

murder was perpetrated during the commission of a felony, has been eliminated

from consideration.

Certainly, a harmless error analysis is warranted. State v. Howell, 868

S.W.2d 238, 259 (Tenn. 1993). Yet these circumstances, it should be noted, are

less egregious than those prior instances in which our supreme court has applied the harmless constitutional error doctrine with favorable results to the state. For example, in Howell, the defendant's prior convictions were for an execution-style murder, two armed robberies, and attempted murder. Id. at 262. In State v. Nichols, 877 S.W.2d 722, 738 (Tenn. 1994), the defendant had five aggravated rapes within ninety days of the murder that eventually resulted in the death penalty verdict. In State v. Smith, 893 S.W.2d 908, 926 (Tenn. 1994), the prior offenses were armed robbery, aggravated rape, and assault with intent to commit first degree murder. In State v. Cazes, 875 S.W.2d 253, 270 (Tenn. 1994), the prior convictions were for aggravated rape and assault with intent to commit first degree murder. Because of the gravity of the prior violent offenses by these individuals, our supreme court had little difficulty in determining that the Middlebrooks error was harmless beyond a reasonable doubt.

In my view, this case presents a closer question. Two valid aggravating circumstances remain. For example, in the direct appeal of this case, our supreme court yielded to the death penalty verdict by the jury even though it described the proof of the prior violent felonies as "marginal." State v. King, 694 S.W.2d 941, 944 (Tenn. 1985).

That circumstance is nonetheless present; as indicated, the defendant had two prior violent crimes. Coupled with the real threat to the other patrons during the course of this robbery and murder, the presence of two significant aggravating circumstances suggests the death penalty verdict would have been the same despite the erroneous reliance upon the invalid aggravating circumstance. While not as overwhelming as the history of prior violence of Howell, Nichols, Smith and Cazes, the quality, persuasiveness, and substance of the valid aggravating factors

2

in this case do warrant the penalty assessed.  I agree that in the context of the

entire record, the <u>Middlebrooks</u> error was harmless beyond a reasonable doubt.


_____

Gary R. Wade, Judge

3